UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JOSUE VELASQUEZ,

                                   Case No.:

    Plaintiff,

vs.

MUNYAN RESTORATION, WATERPROOFING & PAINTING
SERVICE, LLC.,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, JOSUE VELASQUEZ (hereinafter referred to as "Plaintiff"), was an employee of Defendant, MUNYAN RESTORATION, WATERPROOFING & PAINTING SERVICE, LLC, (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and other similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et seq.

1. At all times material hereto, Plaintiff performed non-exempt duties as a painter and pressure cleaner for the Defendant in various counties, including Port St. Lucie, Florida where the plaintiff was injured while working for Defendant on September 23, 2016.

2. Plaintiff was hired by Defendant as an employee of Defendant in approximately March 2013, and worked for Defendant continuously until approximately September 23, 2016. Plaintiff was hired at a rate of $13.00 per hour, and was originally paid overtime when he worked in excess of forty hours within a single workweek. However, after approximately one year, Defendant refused to pay overtime, despite the fact that Plaintiff and other similarly situated employees continued to work in excess of forty hours per workweek.

1

It was common for Plaintiff and other similarly situated employees to work forty eight hours within a single workweek, yet they were not paid at an overtime rate. Plaintiff also regularly worked through his designated lunch break, but was not paid for this time.

3. Defendant owns and/or operates a company that performs painting, waterproofing and repair of condominiums and commercial structures, and that suffers persons such as Plaintiff to work on its behalf in providing labor for its business. This corporate Defendant utilizes equipment and machinery that were manufactured outside of the state of Florida in its day to day operations. This corporate Defendant is within the personal jurisdiction and venue of this Court.

4. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff.

5. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendant.

6. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and other similarly situated employees during the material time.

7. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

8. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

9. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by

29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant was engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s). Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

10. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §201 et seq. in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of the hours worked in excess of forty within a work week.

11. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after January, 2014, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

12. Plaintiff has retained the law office of Consumer Law Organization, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 12 above.

14. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

15. Defendant knowingly and willfully failed to pay Plaintiff one and one half times his regular rate of pay for all hours worked in excess of Forty (40) hours per week.

16. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and incurred costs and reasonable attorneys' fees.

17. As a result of Defendants willful violations of the Act, Plaintiff is entitled to liquidated damages.  In the event that liquidated damages are not awarded, Plaintiff demands pre-judgment interest.

18. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, JOSUE VELASQUEZ and all other similarly situated employees, demand judgment against Defendant, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked  for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.  In the event that liquidated judgment damages are not awarded, Plaintiff demands pre-judgment interest.

Dated: January 9, 2017                    Respectfully submitted,

s/J. Dennis Card Jr.
J. Dennis Card Jr., Esq.
Florida Bar No.  0487473
E-mail: Dcard@Consumerlaworg.com
s/Darren R. Newhart
Darren Newhart, Esq.
Florida Bar No. 115546
E-mail: Darren@cloorg.com
Consumer Law Organization, P.A.
721 U.S. Highway 1, Suite 201
North Palm Beach, FL 33408

Telephone: 561-822-3446
Facsimile: (305) 574-0132
*Attorneys for Plaintiff*